FACELLI, Admrx, etc v CLEVELAND FURNITURE MANUFACTURING CO

Ohio Appeals, 9th Dist, Summit Co

No 2095. Decided July 7, 1933

Jos. N. Bernabei, Canton, and S. Germano, Akron, for plaintiff in error.

Bulkley, Hauxhurst, Inglis & Sharp, Cleveland, for defendant in error.

POLLOCK, J (7th Dist) sitting in place of WASHBURN, PJ.

## OPINION

By STEVENS, J.

To reverse that judgment, error is prosecuted to this court. Three grounds of error are urged by defendant.

1. That the verdict is against the weight of the evidence.

2. Error in the submission of defendant's special request to charge before argument No. 4.

3. Error in the general charge of the trial court.

Under the first assignment of error, the only point raised is that the evidence does not warrant the finding that the truck of defendant had lights, in compliance with the statutory requirements, lighted immediately before the collision.

642

The evidence with reference to this question is conflicting, but we cannot say, from our reading of the record, that the special finding of the jury in that respect is manifestly against the weight of the evidence. The question was properly one to be submitted to the jury, and having been so submitted, we are not constrained to disturb its finding.

The second assignment of error challenges the legal propriety of defendant's special request No. 4.

A careful reading of that charge impels us to the conclusion that the charge properly states the law applicable to this case, and that it would have been error for the court not to have given the same.

Under the third ground of error, point is made of the court's charging, in his general charge, upon the subject of contributory negligence.

Plaintiff's special requests to charge Nos. 1 and 4 specifically injected this question into the instant case, and having given those special requests, it then became the duty of the court to instruct the jury on what was meant by contributory negligence, and the conditions under which it would be applicable in the instant case. The court's general charge in that respect is a correct and concise statement thereof, and in our opinion no error intervened by reason of the court's charging upon that subject.

Considering the record as a whole, we are of the opinion that no error prejudicial to the rights of plaintiff has intervened, and the judgment of the trial court is therefore affirmed.

POLLOCK and FUNK, JJ, concur in judgment.